# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTION, INC., | CASE NO. 1:11-cv-1880-AWI-BAM |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES** |
| v. | |
| JOSE M. ROMERO, individually and dba MIRAMAR RESTAURANT, | (Doc. 11) |
| Defendant. | |

## INTRODUCTION

Plaintiff J&J Sports Productions, Inc. ("Plaintiff") filed the instant motion to strike defendant's affirmative defenses on March 19, 2012. (Doc. 11). The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for April 27, 2012. (Doc. 14). For the reasons that follow, Plaintiff's Motion to Strike is GRANTED.

## PROCEDURAL BACKGROUND

On November 10, 2011, Plaintiff filed a complaint against Defendant Jose Romero, individually and dba Miramar Restaurant ("Defendant"), alleging violations of 47 U.S.C. §§ 553 and

605, as well as causes of action for conversion and for violation of the California Business and Professions Code section 17200, *et. seq.* The suit is based on Defendant's alleged unlawful interception, receipt, and exhibition of "Tactical Warfare: *Manny Pacquiao v. Antonio Margarito, WBC Light Middleweight Championship Fight Program,* telecast nationwide on Saturday, November 13, 2010.

On January 27, 2011, Defendant filed an answer to the complaint asserting five affirmative defenses, with a reservation to supplement his Answer to allege additional affirmative defenses. (Doc. 9). On March 19, 2012, Plaintiff filed a motion to strike all of Defendant's affirmative defenses arguing that they were insufficient (Doc. 10) and on April 14, 2012, Defendant filed an opposition. (Doc. 13).

## DISCUSSION

**A.     Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(f), the court is permitted to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defense may be insufficient as a matter of pleading or as a matter of law. *Sec. People, Inc.*, *Classic Woodworking, LLC,* No. C-04-3133, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005). An affirmative defense may be considered insufficiently pled where it fails to provide plaintiff with fair notice of the defense asserted. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). An affirmative defense is insufficient as a matter of law where "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Ganley v. Cnty. of San Mateo*, No. C06-3923 THE, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007). A matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). As motions to strike a defense as insufficient are disfavored, they will not be granted if the insufficiency of the defense is not clearly apparent. *See Salcer v. Envicon Equities Corp*., 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds,* 478 U.S. 1015 (1986). Because the purpose of pleading an affirmative defense is simply to give fair notice to plaintiff of the defense being asserted, leave to amend should

be freely granted in absence of prejudice to the opposing party. *Wyshak*, 607 F.2d at 826- 27.

**B.     Analysis**

Plaintiff moves to strike all of defendant's affirmative defenses. Defendant responds that its affirmative defenses should not be struck prior to discovery. (Doc. 13 at 3). The Court addresses each affirmative defense in turn.

     **1.     Defense Insufficiently Pled: First, Second and Fifth Affirmative Defenses (Equitable Defenses)**

The Court first looks to Defendant's equitable defenses of, unclean hands, laches and waiver. Defendant's first affirmative defense states that "the Complaint is barred by the doctrine of unclean hands." Def. Answer at 4. The second defense states that "the Complaint is barred by the doctrine of laches." *Id.* The fifth defense states that "Plaintiff is barred and precluded, in whole or in part by the doctrine of waiver. *Id.*

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827 (citations omitted). "The fair notice pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (internal quotation marks and citations omitted).

Plaintiff argues that the heightened pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and clarified in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), is applicable to the sufficiency of affirmative defenses. In Plaintiff's view, an affirmative defense is insufficiently pled, and therefore vulnerable to a motion to strike, if it simply states a legal conclusion without providing supporting facts that explain how the defense relates to the instant case. *Id.*

"[T]he Ninth Circuit has yet to apply *Twombly* and *Iqbal* to affirmative defenses, and to date, no circuit court has issued a decision regarding the applicability of the heightened pleading standard to affirmative defenses." *See Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1172 (N.D. Cal. 2010). District courts in the Ninth Circuit are split on this issue. *Compare, e.g., Trustmark Insurance Co. v. C&K Market, Inc.*, 2011 U.S. Dist. LEXIS 13448, 2011

WL 587574 (D. Or. Feb. 10, 2011) (declining to extend *Twombly's* pleading requirements to affirmative defenses) with *Barnes*, 718 F.Supp.2d at 1171-73 (holding the heightened pleading standard of *Twombly* and *Iqbal* applies to affirmative defenses). Several courts in this district have declined to reach the issue of whether to extend the pleading standard set forth in *Twombly* and *Iqbal* to affirmative defenses. *See, e.g., Botell v. United States,* 2012 U.S. Dist. LEXIS 41172 (E.D. Cal. Mar. 26, 2012)*; J & J Sports Productions, Inc. v. Luhn*, 2011 U.S. Dist. LEXIS 122670, 2011 WL 5040709 (E.D. Cal. Oct. 24, 2011); *J & J Sports Productions, Inc. v. Montanez*, 2010 U.S. Dist. LEXIS 137732, 2010 WL 5279907 (E.D. Cal. Dec. 13, 2010). This court also declines to reach the issue of whether the heightened pleading standard applies to defendant's answer because, even under the lower standard of *Wyshak*, the Court finds that these defenses are insufficiently pled.

First, Defendant's unclean hands and laches defenses are insufficient because Defendant does not: (1) identify any conduct by Plaintiff that amounted to "unclean hands" and (2) articulate how Plaintiff engaged in unreasonable delay that resulted in prejudice to Defendant. *See G & G Closed Circuit Events, LLC v. Nguyen*, No. C 10-00168 LHK, 2010 U.S. Dist. LEXIS 104980, 2010 WL 3749284, at *2 (N.D. Cal. Sept. 23, 2010) (finding a defense of unclean hands to be insufficient because the defendants did not identify conduct by plaintiff amounting to "unclean hands"); *J & J Sports Prods., Inc. v. Mendoza-Govan*, No. C 10-05123 WHA, 2011 U.S. Dist. LEXIS 47075, 2011 WL 1544886, at *4 (N.D. Cal. Apr. 25, 2011) (finding a defense of laches to be insufficient because the defendant did not provide any facts supporting the defense). Finally, the Court finds that defense of waiver is insufficient because it does not articulate how this doctrine applies to the claims set forth in the Complaint. Defendant simply refers to the equitable doctrine of waiver, and does not provide any supporting facts, making it impossible for Plaintiff to ascertain the basis for this affirmative defenses. *See Nguyen*, 2010 U.S. Dist. LEXIS 104980, 2010 WL 3749284, at *2 (striking the affirmative defenses of "waiver" and "estoppel doctrine" as insufficient because they "each amount[ ] to the bare statement of a legal doctrine lacking any articulated connection to the claims in this case"). Defendant's First, Second and Fifth Affirmative Defenses are STRICKEN.

**2.     Defenses Which Are Not Affirmative Defenses**

As a general matter, the pleading of an affirmative defense puts the plaintiff on notice that

matters extraneous to his prima facie case are in issue and ordinarily allocates the burden of proof on the issue. *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987). However, denials of the allegations in the complaint or allegations that the plaintiff cannot prove the elements of his claim are not affirmative defenses. *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-cv-00168-LHK, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010). Here, Plaintiff argues that several defenses asserted by Defendant do not actually constitute affirmative defenses.

### a.   Third Affirmative Defense (Failure to State a Claim)

Defendant's third affirmative defense states "that the Complaint fails to state any claim where relief can be granted." (Doc. 9 at 4). Failure to state a claim is an assertion of a defect in Plaintiff's prima facie case, not an affirmative defense. *Joe Hand Promotions, Inc. v. Estrada*, 2011 U.S. Dist. LEXIS 61010 (E.D. Cal. June 7, 2011) (citing *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense."). Accordingly, Defendant's third affirmative defense for failure to state a claim is STRICKEN.

### b.   Fourth Affirmative Defense (Misrepresentation/Concealment)

In his fourth affirmative defense, Defendant asserts that "all of the purported causes of action asserted by Plaintiff are barred in whole or in part because Defendant has not committed any act constituting willful misrepresentation or concealment of material fact." (Doc. 9 at 4). Misrepresentation and concealment are elements of a fraud cause of action.[1] The complaint, however, does not allege fraud. As such, this defense is immaterial and impertinent and may be stricken because there is no set of facts under which these defenses may be applied. FED.R.CIV.P. 12(f); *see J & J Sports Prods. v. Coyne*, 2011 U.S. Dist. LEXIS 6623, 2011 WL 227670 (N.D. Cal. Jan. 24, 2011) (striking "negligence" defenses when Plaintiff had not alleged any negligence causes

---

[1] The five elements of fraud are: "'(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, *i.e.*, to induce reliance; (d) justifiable reliance; and (e) resulting damage."' *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 173 (2003) (quoting *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996)).

5

of action). Next, even if this defense somehow were relevant, this is not an "affirmative defense," but merely a denial of an element of Plaintiff's causes of action. *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (holding that a defense that merely negates an element that Plaintiff is required to prove is not an affirmative defense). Defendant's Fourth Affirmative Defense is STRICKEN.

        c.      **Sixth Affirmative Defense (Reservation of Defenses)**

At the conclusion of his affirmative defenses, Defendant reserves the right to amend his affirmative defenses. (Doc. 9 at 4). "An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself. Instead, if at some later date defendant[] seek[s] to add affirmative defenses, [he] must comply with Rule 15 of the Federal Rules of Civil Procedure." *Solis v. Zenith Capital, LLC,* No. 08-cv-4854, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009); *J & J Sports Prods. Inc. v. Mendoza-Govan*, No. 10-cv-05123 WHA, 2011 WL 1544886, at *7 (N.D. Cal., Apr. 25, 2011). Defendant's Sixth Affirmative Defense is STRICKEN.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Strike affirmative defenses in Defendant's answer is GRANTED. Additionally, if subsequent fact discovery reveals new information supporting affirmative defenses, Defendant may move to reassert them at that time.

Accordingly, IT IS HEREBY ORDERED THAT:

1.     Plaintiff's Motion to Strike is GRANTED (Doc. 11); and
2.     Defendant is granted fifteen (15) days to file an amended answer to the extent that the deficiencies stated above can be adequately remedied.

**IT IS SO ORDERED.**

Dated:    **April 25, 2012**                 /s/ **Barbara A. McAuliffe**
                                                  **UNITED STATES MAGISTRATE JUDGE**