UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., | CASE NO. 1:11-cv-1880-AWI-BAM |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES** |
| v. | |
| JOSE M. ROMERO, individually and dba MIRAMAR RESTAURANT, | (Doc. 17) |
| Defendant. | |

## INTRODUCTION

Plaintiff J&J Sports Productions, Inc. ("Plaintiff") filed this second motion to strike Defendant's affirmative defenses on May 9, 2012. (Doc. 17). The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for June 15, 2012. (Doc. 21). For the reasons that follow, Plaintiff's Motion to Strike is GRANTED in part and DENIED in part.

## PROCEDURAL BACKGROUND

On November 10, 2011, Plaintiff filed a complaint against Defendant Jose Romero, individually and dba Miramar Restaurant ("Defendant"), alleging violations of 47 U.S.C. §§ 553 and 605, as well as causes of action for conversion and for violation of the California Business and

Professions Code section 17200, *et. seq.* The suit is based on Defendant's alleged unlawful interception, receipt, and exhibition of "Tactical Warfare: *Manny Pacquiao v. Antonio Margarito, WBC Light Middleweight Championship Fight Program,*" telecast nationwide on Saturday, November 13, 2010.

On March 19, 2012, Plaintiff filed a Motion to Strike Defendant's Affirmative Defenses. (Doc. 11). On April 15, 2012, in a written order, this Court granted Plaintiff's Motion to Strike and allowed Defendant to amend its answers "to the extent that the deficiencies [in the Answer] can be adequately remedied." (Doc. 15). Defendant was permitted to reassert affirmative defenses if they could be adequately plead and were pertinent to the Complaint. On April 30, 2012, Defendant filed an Amended Answer, asserting three of the previously alleged affirmative defenses along with a "reservations" clause. (Doc. 16). Defendant's amended answer attempts to cure defects in the unclean hands, laches, and waiver affirmative defenses. On May 9, 2012, Plaintiff filed a second motion to strike all of Defendant's amended affirmative defenses arguing that they violate the Court's initial order and are insufficient. (Doc. 17). On May 19, 2012, Defendant filed an opposition, arguing that its affirmative defenses are pled sufficiently. (Doc. 19).

## DISCUSSION

**A.     Legal Standard**

Under Federal Rule of Civil Procedure 12(f), the court is permitted to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defense may be insufficient as a matter of pleading or as a matter of law. *Sec. People, Inc.*, *Classic Woodworking, LLC,* No. C-04-3133, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005). An affirmative defense may be considered insufficiently pled where it fails to provide plaintiff with fair notice of the defense asserted. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). An affirmative defense is insufficient as a matter of law where "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Ganley v. Cnty. of San Mateo*, No. C06-3923 THE, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007). A matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d

2

1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). As motions to strike a defense as insufficient are disfavored, they will not be granted if the insufficiency of the defense is not clearly apparent. *See Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds,* 478 U.S. 1015 (1986). Because the purpose of pleading an affirmative defense is simply to give fair notice to plaintiff of the defense being asserted, leave to amend should be freely granted in absence of prejudice to the opposing party. *Wyshak*, 607 F.2d at 826- 27.

## ANALYSIS

In its amended answer, Defendant reasserts the equitable defenses of unclean hands, waiver and laches and again reserves its right to assert additional affirmative defenses. (Doc. 16). Plaintiff moves for the second time to strike these affirmative defenses and the reservation clause.

**1.    Unclean Hands and Waiver**

The Court first looks to Defendant's equitable defenses of unclean hands and waiver. Defendant's unclean hands defense states:

> Defendants allege that the Complaint is barred by the doctrine of unclean hands. Plaintiff has provided on service route to a dwelling and a restaurant for many years without raising any reservations and did not notify Defendants that he cannot watch the television programming, even for personal use from his restaurant. Plaintiff thus knew or had reason to know of Defendant's reliance on the objectively demonstrated approval of this course of dealing.

(Am. Answer, Doc. 16 at 4).

Defendant's waiver defense states:

> Defendants allege that Plaintiff is barred and precluded, in whole or in part, by the doctrine of waiver because Plaintiff filed its Complaint a year after the incident in question and allowed Defendant to watch a television set in a large room which housed a restaurant in a previous setting.

(Am. Answer, Doc. 16 at 4).

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827 (citations omitted). In analyzing the sufficiency of a claim, it is incumbent upon the Court to first assess the factual allegations supporting each claim and then to determine whether those claims "plausibly give rise to an entitlement of relief." *Iqbal*, 129 U.S. at 1950.

Here, it is impossible for the Court to discharge this duty when the factual support for Defendant's affirmative defenses is alluded to in such a vague and unclear manner. The Court finds

Defendant's unclean hands and waiver defenses unintelligible.

First, with respect to the unclean hands defense, the phrase "has provided on service route to a dwelling and a restaurant" makes no sense. The Court can only speculate what Defendant is arguing here, and it would be absurd to do so for several reasons. Namely, Defendant appears to confuse Plaintiff with a residential cable or satellite provider who by servicing a certain area, would know what programs its subscribers are viewing. Plaintiff does not allege to be a cable or satellite provider and nothing of the sort has been alleged in the Complaint or in Defendant's answer.

Next, by referencing a "course of dealing," Defendant appears to be suggesting some pre-existing relationship between Plaintiff and Defendant, but Defendant has offered no facts in support of this allegation. Defendant may not simply point to Plaintiff's otherwise irrelevant conduct; to form the basis of an unclean hands defense. In originally striking Defendant's unclean hands defense, this Court held that the defense was insufficient because Defendant did not "identify any conduct by Plaintiff that amounted to unclean hands." (Doc. 15 at 4). Defendant still has not satisfied this burden.

Likewise, Defendant's waiver defense is a bare-bone conclusion that makes no sense whatsoever. In striking the waiver defense, this Court held that the "defense of waiver is insufficient because it does not articulate how this doctrine applies to the claims set forth in the Complaint." (Doc. 15 at 4). Defendant still does not articulate how the waiver defense applies. Defendant claims that Plaintiff waived its rights because Plaintiff "allowed Defendant to watch a television set in a large room which housed a restaurant in a previous setting." (Doc. 16 at 4). It is unclear the basis upon which Plaintiff could stop Defendant from watching television, let alone how this possibly may constitute a waiver of any known right. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (discussing waiver). Notwithstanding the addition of facts to the defense, Plaintiff is still required to guess as to its possible application.[1]

Defendant's affirmative defenses, as pled, lack the minimum threshold of specificity and

---

[1] "The fair notice pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).

clarity to allow the Court to assess their sufficiency.  Defendant has been given an opportunity to amend these affirmative defenses and has been unable to do so with adequate factual support.  Based on the foregoing, Defendant's unclean hands and waiver defenses are **STRICKEN** with prejudice.

**2.    Laches**

In its last equitable defense, Defendant asserts that Plaintiff is barred from recovery under the doctrine of laches. With respect to laches, Defendant states:

> Defendants allege that the Complaint is barred by the doctrine of laches because Plaintiff filed its Complaint a year after the incident in question. Such delay caused Defendant prejudice because of loss of memory by the witnesses who were present at the Defendant's home.

(Am. Answer, Doc. 16 at 4).

In order to state a claim for laches, a party must plead the following: (1) inexcusable delay in instituting suit, and (2) prejudice resulting to the defendant from the delay. *Mformation Techs., Inc. v. Research in Motion Ltd.*, 2011 U.S. Dist. LEXIS 148156 (N.D. Cal. Dec. 19, 2011).

The Court declines to strike this affirmative defense for several reasons.  First, Defendant's amended answer alleges sufficient facts to establish a claim that Plaintiff unreasonably delayed instituting its suit.  Further, Defendant has alleged a resulting prejudice.  According to Defendant, Plaintiff's delay caused witnesses to forget important details relevant to this suit, a matter that may prove harmful to Defendant. *Cf. Joe Hand Promotions, Inc. v. Alvarado*, 2011 U.S. Dist. LEXIS 5231 at *4-6 (E.D. Cal. Jan. 19, 2011) (granting plaintiff's motion to strike defendant's laches defense because there is a strong presumption that laches does not apply to actions filed within the statute of limitations period and defendant failed to sufficiently allege prejudice).

Second, motions to strike are disfavored, and in some cases, merely pleading the name of an affirmative defense is sufficient. *J&J Sports Prods. v. Jimenez*, 2010 U.S. Dist. LEXIS 132476 (S.D. Cal. Dec. 15, 2010) (citing *Woodfield v. Bowman*, 193 F. 3d 354, 362 (5th Cir. 1999)).  Here, Defendant has sufficiently articulated its defense so that Plaintiff is not a victim of surprise. Defendant is not required to establish conclusively in its pleading that its affirmative defenses must carry the day, only that it plausible on its face.

Finally, the Court recognizes that Plaintiff initiated this action within one year of the alleged harm and there is a "strong presumption" that laches does not apply when an action is filed within

the analogous statute of limitations period. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002). However, the existence of a laches defense is largely a question of fact. *See, e.g.*, *Mt. Holyoke Homes, LP v. California Coastal Com'n*, 167 Cal. App. 4th 830, 840 (Cal. Ct. App. 2008). For a plaintiff to succeed on a motion to strike affirmative defenses, a court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed. If a defense raises such a question, then the motion to strike is improper and the issue must be decided subsequently on the merits, when more information is available. Whether Plaintiff was unreasonable in its delay in bringing this suit is a question of fact best decided on the merits.

Defendant's amended answer sufficiently alleges delay and prejudice at the hands of Plaintiff, therefore Plaintiff's Motion to Strike Defendant's laches defense is **DENIED**.

**2.      Reservation of Defenses**

Defendant again reserves its right to assert additional defenses that may appear and prove applicable during the course of this litigation. (Doc. 16 at 5). The Court understands Defendant's desire to preserve all available defenses in an abundance of caution. Nevertheless, a formal "reservation" of the right to bring further defenses, strictly speaking, serves no purpose because Defendant retains the right to add defenses through a properly filed motion to amend. Thus, Defendant's right to amend pleadings to include additional legitimate defenses is already preserved by Rule 15 of the Federal Rules of Civil Procedure. *See, e.g., Wyshak*, 607 F.2d at 826-27. Defendant's reservation clause is not a proper affirmative defense, is redundant, and is **STRICKEN**.

**3.      Failure to State a Claim**

This Court struck Defendant's "failure to state a claim" affirmative defense because "[f]ailure to state a claim is an assertion of a defect in Plaintiff's prima facie case, not an affirmative defense." (Doc. 15). Notwithstanding this, Defendant repeats this defense by moving it from the affirmative defenses section of its pleading to its own heading. (Doc. 16 at 4). Regardless of its location in Defendant's answer, Defendant is still attempting to argue 'failure to state a claim" as an impermissible affirmative defense. *Joe Hand Promotions, Inc. v. Estrada*, 2011 U.S. Dist. LEXIS 61010 (E.D. Cal. June 7, 2011) (citing *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d

1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense."). Accordingly, Defendant's "failure to state a claim" clause is **STRICKEN**.

## **CONCLUSION**

For the reasons set forth above, it is HEREBY ORDERED that Plaintiff's Motion to Strike affirmative defenses in Defendant's amended answer is **GRANTED IN PART** and **DENIED IN PART**:

1. Plaintiff's Motion to Strike is **DENIED** as to Defendant's laches affirmative defense;
2. Plaintiff's Motion to Strike is **GRANTED WITH PREJUDICE** as to all other affirmative defenses and as to Defendant's reservation and failure to state a claim defenses.

IT IS SO ORDERED.

**Dated:** **June 18, 2012**          **/s/ Barbara A. McAuliffe**
                                       UNITED STATES MAGISTRATE JUDGE