UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,** | CASE NO. 1:11-CV-1880 AWI BAM |
| Plaintiff | |
| v. | ORDER DISCHARGING ORDER TO SHOW CAUSE AND ORDER GRANTING DEFENDANT ADDITIONAL TIME TO OBTAIN COUNSEL AND FILE A PRE-TRIAL STATEMENT |
| **JOSE M. ROMERO, a.k.a Jose Maria Romero, Jr., d.b.a. Miramar Restaurant, a.k.a. La Fonda De Josefa,** | |
| Defendants | (Doc. No. 35) |

On November 4, 2013, this Court vacated the November 7, 2013 pre-trial conference because no party filed a pre-trial statement, either joint or separate. See Doc. No. 30. The Court ordered the parties to show cause why sanctions should not be imposed for their failure to file a pre-trial statement. See id.

On November 12, 2013, Plaintiff timely responded. Plaintiff's counsel explains that there was a calendaring issue, that Plaintiff has been dealing with new secretarial staff, that new measures have been put in place to prevent a similar reoccurrence, that counsel is solely responsible for the failure to file a pre-trial statement, that counsel apologizes for the oversight, and that Plaintiff is ready to proceed. See Doc. No. 34. Additionally, Plaintiff's counsel declares that he has been unable to contact Defendant, despite attempting to call Defendant on seven possible telephone numbers. See Doc. No. 34-1. The telephone number of record is disconnected, three of the of the alternate numbers are disconnected, one number is a non-working number, one is wrong number, and the final number rings without answer of any kind. See id. Finally, Plaintiff has filed a pre-trial statement, a witness list, and trial exhibits. See Doc. Nos. 31, 32, 33.

Also on November 12, 2013, Defendant timely responded. See Doc. No. 35. Defendant does not explain why he did not file a separate pre-trial statement or why he did not attempt to contact Plaintiff in order to file a joint pre-trial statement. See id. Defendant merely states that he was not prepared and that he needs time to find an attorney who can answer this case. See id.

The Court is satisfied with Plaintiff's explanation. Plaintiff explains that clerical error has occurred, that error is being corrected and should not occur again, and Plaintiff is ready to proceed and prosecute this case. Under these circumstances, the Court finds that sanctions are unnecessary, and the order to show cause will be discharged as to Plaintiff.

The Court is not satisfied with Defendant's response. As indicated, Defendant gives no reason why he did not file a pre-trial statement. Although Defendant indicates that he wants to find an attorney, Defendant has not explained what efforts he has made to obtain counsel. Defendant was initially represented by attorney H. Ty Kharazi, who filed an answer on behalf of Defendant. See Doc. No. 9. However, on January 9, 2013, Kharazi filed a motion to withdraw based on a breakdown of the attorney-client agreement (i.e. a failure to pay fees) and Defendant's unwillingness to communicate with Kharazi regarding discovery. See id. A hearing on the motion to withdraw was held on February 15, 2013. See Doc. No. 28. A member of Kharazi's firm appeared, but Defendant did not. See id. On February 26, 2013, the Court granted Kharazi's motion and he was relieved as counsel of record. See Doc. No. 29. As part of that order, Defendant was admonished that "he is responsible for either obtaining new counsel or proceeding in this case without counsel." Id. Despite the February 26 order, and the nearly 9 months that have since passed, Defendant has not obtained counsel.

Trial in this matter is set for March 4, 2014. Considering the nearly 9 months that have passed without Defendant obtaining an attorney, Defendant's pro se status, and the time before trial, the Court will give Defendant until December 13, 2013 to find an attorney. However, if Defendant can show that he has been diligently looking for an attorney, the Court will consider extending the deadlines in this matter. For an extension to occur, Defendant will need to submit detailed information that outlines what steps he has taken to obtain counsel. The Court will not look favorably upon filings that reflect only a recent attempt to obtain counsel. Further,

irrespective of whether the Court grants Defendant additional time to obtain counsel, Defendant will be required to file a pre-trial statement on or by December 20, 2013, that complies with Local Rule 281.  This case cannot efficiently or reasonably proceed without a pre-trial conference, which in turn requires all parties to submit a pre-trial statement.  As such, if Defendant fails to timely file a pre-trial statement, Defendant's answer will be stricken and an entry of default will be made.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The November 4, 2013 order to show cause is DISCHARGED;
2. Defendant has until December 13, 2013 in order to obtain counsel (Doc. No. 35);
3. Irrespective of whether Defendant obtains counsel, Defendant shall file a pre-trial statement that complies with Local Rule 281 on or by December 20, 2013;
4. The Clerk shall send Defendant a copy of Local Rule 281; and
5. If Defendant fails to file a pre-trial statement on or by December 20, 2013, Defendant is forewarned that the Court will strike his answer and direct the Clerk to make an entry of default as a sanction for failure to prosecute, to obey court orders, and to obey Local Rules.[2]

IT IS SO ORDERED.

Dated:   November 13, 2013                              /s/ signature

SENIOR DISTRICT JUDGE

---

[1] Upon the Clerk's entry of default, the general rule is that all factual allegations in the complaint will be taken as "true," except for those facts relating to the amount of damages.  TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

[2] The Court reminds Defendant that there is no "mail box rule" that applies to him.  The required filings must be physically in the Clerk's possession on or by the set deadline.